**FILED**
**DECEMBER 13, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE MORAN**
**MAGISTRATE JUDGE ASHMAN**

| | |
|---|---|
| Veronica DeLorey<br>301 Indian Mound<br>New Lenox, IL 60451<br><br>　　　　Plaintiff,<br><br>v.<br><br>Transworld Systems, Inc. d/b/a Credit Management Services<br>c/o CT Corporation System, Registered Agent<br>208 South LaSalle St. Suite 814<br>Chicago, IL 60604<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**07 C 7026**<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS COLLECTION AGENCY ACT, AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

5. Defendant is a "Debt Collector" as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. On August 1, 2007, Plaintiff retained an attorney to file bankruptcy.

9. On or around September 24, 2007, Defendant's employee, with the name or alias of John Stark ("Stark"), telephoned Plaintiff's place of employment.

10. Plaintiff's boss ("Boss") answered the telephone.

11. During this communication, Stark spoke to Boss in a rude and belittling tone.

12. During this communication, Stark told Boss that Plaintiff owed Defendant money.

13. On or around September 25, 2007, Stark telephoned Plaintiff's place of employment and Boss answered the telephone.

14. Boss recognized Stark's voice as the same individual that had called the previous day and passed the telephone to Plaintiff.

15. During this communication, Stark spoke to Plaintiff in a rude and belittling tone.

16. During this communication, Stark failed to inform Plaintiff that Defendant was a debt collector.

17. During this communication, Stark told Plaintiff that Defendant would see Plaintiff in court.

18. During this communication, Plaintiff began to inform Stark that Plaintiff had retained an attorney for bankruptcy, but Stark abruptly hung up the telephone before Plaintiff could finish.

19. As a result of the above communications, Plaintiff was extremely embarrassed that Boss had learned about the debt and angry that Defendant had troubled Boss with Plaintiff's private concerns, thereby jeopardizing her career.

20. As a result of the above communications, Plaintiff was compelled to explain her financial difficulties to Boss.

21. On or around October 15, 2007, Stark telephoned Plaintiff's cellular phone and spoke to Plaintiff.

22. During this communication, Stark again failed to inform Plaintiff that Defendant was a debt collector.

23. During this communication, Plaintiff informed Stark that Plaintiff had retained an attorney for bankruptcy.

24. Stark replied by laughing at Plaintiff, called Plaintiff a "loser" several times, and then abruptly hung up the telephone.

25. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

26. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

27. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

**Violation of the Fair Debt Collections Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

**Violation of the Fair Debt Collections Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

**Violation of the Fair Debt Collections Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt.

## COUNT SIX

**Violation of the Fair Debt Collections Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

**Violation of the Fair Debt Collections Practices Act**

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Violation of the Illinois Collection Agency Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. The Defendant violated 225 ILCS 425/9 by using abusive language during its communications in furtherance of debt collection.

## COUNT NINE

### Violation of the Illinois Collection Agency Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. The Defendant violated 225 ILCS 425/9 by disclosing Plaintiff's debt to a third person who had no legitimate business need for the information.

## COUNT TEN

### Violation of the Illinois Collection Agency Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. The Defendant violated 225 ILCS 425/9 by engaging in dishonorable, unethical and/or unprofessional conduct which deceived and/or harmed Plaintiff.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages pursuant to 225 ILCS 425.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com